1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FERNAN MONTANO,                          No.  2:22-cv-1753 TLN DB PS

12                   Plaintiff,

13          v.                                 ORDER

14   SMALL BUSINESS ADMINISTRATION,

15                   Defendant.

16

17          Plaintiff Fernan Montano is proceeding in this action pro se.  This matter was referred to

18   the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

19   before the Court are plaintiff's complaint, motion to proceed in forma pauperis pursuant to 28

20   U.S.C. § 1915, and motion for a temporary restraining order.  (ECF Nos. 1-3.)  The complaint

21   concerns defendant's denial of plaintiff's application for an Economic Injury Disaster Loan as

22   part of the CARES Act.  (Compl. (ECF No. 1) at 6[1].)

23          The Court is required to screen complaints brought by parties proceeding in forma

24   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

25   2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons stated

26   below, plaintiff's complaint will be dismissed with leave to amend.

27   ───────────────────

28   [1] Page number citations such as this one are to the page number reflected on the court's CM/ECF
     system and not to page numbers assigned by the parties.

                                            1

## I.      Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

> The minimum requirements for a civil complaint in federal court are as follows:

>> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.   Plaintiff's Complaint

Plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief.  In this regard, the complaint alleges that on "March 30, 2020, plaintiff applied for an Economic Injury Disaster Loan (EIDL) as part of the CARES ACT and was automatically declined due to not meeting minimum credit requirements."  (Compl. (ECF No. 1) at 6.)  "[A]fter building credit up," on April 20, 2022, plaintiff was approved for a loan in the amount of $84,900.  (<u>Id.</u>)  On April 23, 2022, defendant attempted to deposit the funds but the bank account was closed and the funds were returned to the defendant.  (<u>Id.</u>)  After attempts to correct the banking information, on September 21, 2022, plaintiff was informed that "supporting documents to substantiate tax filings (which were previously accepted) were not accepted by management and that the loan funds would not be redeposited."  (<u>Id.</u>)

Pursuant to these allegations the complaint asserts that the defendant violated 5 U.S.C. § 706 of the Administrative Procedures Act ("APA").  (<u>Id.</u> at 6-7.)  "As a general matter, the APA provides that '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.'"  <u>Al Otro Lado, Inc. v. Nielsen</u>, 327 F.Supp.3d 1284, 1308 (S.D. Cal. 2018) (quoting 5 U.S.C. § 702).

However, the APA prohibits judicial review of an "agency action [that] is committed to agency discretion by law."  5 U.S.C. § 701(a)(2).  It is not clear from the complaint why the

3

action of the defendant is not an action that is committed to agency discretion by law.  See Gifford v. Small Bus. Admin., 626 F.2d 85, 86 (9th Cir. 1980) ("the  determination of how much to lend an Economic Opportunity loan applicant . . . are decisions committed to the discretion of the SBA and are therefore nonreviewable under section 10 of the APA"); United States v. Romoland Commercial Investors, L.P., Case No. EDCV 14-0648 VAP (SPx), 2015 WL 12747813, at *4 (C.D. Cal. Feb. 26, 2015) ("Congress has provided the SBA complete discretion to 'take any and all actions . . . [it] determines . . . are necessary or desirable in making, servicing, compromising, modifying, liquidating, or otherwise dealing with or realizing on loans made under [this Act]'").

The complaint also argues that the defendant is "a financial institution and thus subject to the laws" of the Electronic Funds Transfer Act, 15 U.S.C. § 1693.  (Compl. (ECF No. 1) at 7.)  However, the Electronic Funds Transfer Act defines a "financial institution" as "a State or National bank, a State or Federal savings and loan, a mutual savings bank, a State or Federal Credit union, or any other person who . . . holds an account belonging to a consumer."  15 U.S.C. § 1639a(9).  In this regard, the defendant is not a financial institution.  Instead, the defendant is "an agency of the United States."  Pramco, LLC v. Torres, 286 F. Supp. 2d 164, 168 (D. P.R. 2003) (citation omitted); see also Small Business Administration v. McClellan, 364 U.S. 446, 450 (1960) ("the Small Business Administration is 'an integral part of the governmental mechanism' created to accomplish what Congress deemed to be of national importance").

Finally, the complaint asserts that plaintiff "was not allowed . . . an appeal that was previously afforded other applicants thus denying the plaintiff his due process."  (Compl. (ECF No. 1) at 8.)  "There are two possible forms of a due process claim: substantive and procedural." Friends of Roeding Park v. City of Fresno, 848 F.Supp.2d 1152, 1163-64 (E.D. Cal. 2012).  To state a substantive Due Process claim, plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest."  Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008).  In this regard, substantive Due Process, "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'"  Nunez v. City of Los Angeles,

147 F.3d 867, 871 (9th Cir. 1998) (quoting <u>Rochin v. California</u>, 342 U.S. 165, 172 (1952)).  To state a procedural Due Process claim, plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.  <u>Kildare v. Saenz</u>, 325 F.3d 1078, 1085 (9th Cir. 2003).

Here, the vague and conclusory allegations noted above fail to state a due process claim.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S.662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  <u>Jones</u>, 733 F.2d at 649.

## II.    Leave to Amend

For the reasons stated above, plaintiff's complaint must be dismissed.  The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988); <u>see also</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972)); <u>see also</u> <u>Weilburg v. Shapiro</u>, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

1    cured by amendment.") (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir.

2    1988)).

3           Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend

4    would be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted

5    leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file

6    an amended complaint "the tenet that a court must accept as true all of the allegations contained

7    in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause

8    of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft</u>, 556 U.S. at 678.

9    "While legal conclusions can provide the complaint's framework, they must be supported by

10   factual allegations."  <u>Id.</u> at 679.  Those facts must be sufficient to push the claims "across the line

11   from conceivable to plausible[.]"  <u>Id.</u> at 680 (quoting <u>Twombly</u>, 550 U.S. at 557).

12          Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

13   amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

14   in itself without reference to prior pleadings.  The amended complaint will supersede the original

15   complaint.  <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,

16   just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

17   and identified in the body of the complaint, and each claim and the involvement of each

18   defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

19   must also include concise but complete factual allegations describing the conduct and events

20   which underlie plaintiff's claims.

21   **III.     Motion for Temporary Restraining Order**

22          The legal principles applicable to a request for injunctive relief are well established.  To

23   prevail, the moving party must show either a likelihood of success on the merits and the

24   possibility of irreparable injury, or that serious questions are raised and the balance of hardships

25   tips sharply in the movant's favor.  <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692,

26   700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th

27   Cir. 1985).

28   ////

1    The two formulations represent two points on a sliding scale with the focal point being
2  the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any
3  formulation of the test, plaintiff must demonstrate that there exists a significant threat of
4  irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the
5  court need not reach the issue of likelihood of success on the merits.  Id.  Moreover, the court will
6  not entertain a motion for injunctive relief that is not supported by: (1) a declaration under penalty
7  of perjury on the question of irreparable injury, (2) a memorandum of points and authorities
8  addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who
9  would be affected by the order sought.  See Local Rule 231.
10    Here, plaintiff's application was based on the claims asserted in plaintiff's original
11  complaint.  That complaint, however, fails to state a claim and plaintiff will be granted leave to
12  file an amended complaint.  In this regard, the undersigned cannot find at this time that plaintiff is
13  likely to succeed on the merits.  Moreover, at issue in this action appears to be an alleged
14  economic injury.  "It is well established . . . that such monetary injury is not normally considered
15  irreparable."  Los Angeles Memorial Coliseum Commission v. National Football League, 634
16  F.2d 1197, 1202 (9th Cir. 1980).  Accordingly, plaintiff's application will be denied without
17  prejudice to renewal.

**CONCLUSION**

19    Accordingly, IT IS HEREBY ORDERED that:
20    1.  The complaint filed October 5, 2022 (ECF No. 1) is dismissed with leave to
21  amend.
22    2.  Within twenty-eight days from the date of this order, an amended complaint shall be
23  filed that cures the defects noted in this order and complies with the Federal Rules of Civil
24  Procedure and the Local Rules of Practice.[2]  The amended complaint must bear the case number
25  assigned to this action and must be titled "Amended Complaint."
26  ////

___

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

7

3.  Plaintiff's November 21, 2022 motion for a temporary restraining order (ECF No. 3) is denied without prejudice to renewal.

4.  Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.[3]

Dated:  April 11, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\montano1753.dism.lta.ord

---

[3] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

8